# Exhibit A

**IN THE COURT OF CHANCERY OF THE STATE OF DELAWARE**

| | | |
|---|---|---|
| ALASKA FINANCIAL COMPANY III LLC, an Alaska limited liability company, | ) ) ) ) | |
| Plaintiff, | ) ) | C.A. No. |
| v. | ) ) | |
| GLOBAL MORTGAGE GROUP, LLC, a Delaware limited liability company, and LFC GLOBAL, LLC, a Delaware limited liability company, | ) ) ) ) ) | |
| Defendants. | ) ) ) ) ) | |

**VERIFIED PETITION FOR APPOINTMENT
OF A RECEIVER TO A DELAWARE LIMITED
LIABILITY COMPANY PURSUANT TO 6 *Del. C.* § 18–1104**

Plaintiff, Alaska Financial Company III, LLC d/b/a Alaska Financial Company ("Alaska"), by and through undersigned counsel, hereby states in support of this Verified Petition for Appointment of a Receiver Pursuant to 6 *Del. C.* § 18–1104 (the "Petition") as follows:

**PRELIMINARY STATEMENT**

1.     Alaska petitions this Court for an order appointing a receiver for Global Mortgage Group, LLC ("Global"), a Delaware limited liability company and for its subsidiary LFC Global, LLC ("LFC"), also a Delaware limited liability company. A

receiver is necessary to prevent the apparent flagrant and deliberate violation of this Court's injunction of November 22, 2017 and to preserve and maintain the value of Global's remaining assets for the benefit of all members.

2.      Despite Global's precarious financial condition (based on Global's representations to this Court, Global is insolvent without Alaska's Cash Investment, defined herein) and this Court's Temporary Restraining Order issued on November 22, 2017 (the "TRO"), Global has continued on an aggressive litigation path, on information and belief, using Alaska's own Cash Investment, in violation of the TRO, in an attempt to complete its plan to deprive Alaska of its investment and trade secrets in violation of the joint venture agreements and to gain negotiating leverage, all while seeking to damage Alaska's business. In issuing the TRO this Court has already determined that Alaska will be irreparably harmed by these actions. In further violation of the TRO, Defendants have failed to provide an accounting of Alaska's Cash Investment as ordered.

3.      A receiver is necessary to assure Defendants' compliance with the TRO.

## PARTIES

4.     Plaintiff, Alaska, is an Alaska limited liability company with its principal place of business in Anchorage, Alaska.

5.     Defendant, Global, is a Delaware limited liability company with a registered agent located in Wilmington, Delaware.

6.     Defendant, LFC, is a Delaware limited liability company with a registered agent located in Wilmington, Delaware.

## OTHER PERSONS INVOLVED IN
## THE OPERATIONS OF DEFENDANTS

7.     Matthew Q. Hainline ("Hainline"), is an adult individual who claims to be a resident of Mexico but also claims to have a principal place of business in Austin, Texas.

8.     Well Rock Holdings, LLC ("Well Rock"), claims to be a Texas limited liability company, with a principal place of business in Austin, Texas.

9.     Hainline acts as the manager of Well Rock and a manger of Global.

10.     Well Rock and Alaska are members of Global, and Hainline and Well Rock act as Global's managers. Hainline and Well Rock are aware of and subject to the TRO and, on information and belief, have and are causing the Defendants to be operated in willful violation of the TRO.

11.    Global, in turn, is the sole member of LFC, a subsidiary of Global, although Global and Hainline act as LFC's managers.

## JURISDICTION

12.    This Court has jurisdiction over this matter pursuant to 6 *Del. C.* § 18-105 and 6 *Del. C.* § 18-109. Venue is appropriate before this Court as Global and LFC are Delaware limited liability companies.

## FACTUAL BACKGROUND

13.    Alaska incorporates by reference the facts alleged in its Amended Complaint that was filed in a related action, C.A. No. 2017-0815-TMR (the "Initial Action"), filed on November 14, 2017 (the "Initial Action") seeking a temporary restraining order/preliminary and permanent injunctive relief, as well as damages and all other available relief for breach of fiduciary duty, misappropriation of trade secrets, misappropriation of property, misappropriation of business opportunity, fraud, negligent misrepresentation, conversion, breach of contract, violations of applicable securities and trade secrets laws and regulations, against Global, and its manager and member, Well Rock, and LFC, a subsidiary of Global, and, Hainline, the manager of Global and Well Rock.

14.    Defendants sought out and invited Alaska to form Global and other related entities with them as a joint venture to originate and service mortgages to US and Canadian borrowers for properties in Mexico (initially in the Cabo San Lucas

4

and Los Cabos areas of Baja California Sur before expanding to additional Mexican vacation areas), and to bundle and sell these mortgages to investors (the "Proposed Venture"). US and Canadian borrowers historically have had a difficult time borrowing money from Mexican based lenders for real estate purchases in Mexico. For the past five years, Alaska has been operating just such a business, and developed a sterling reputation and crucial information about and connections with the Mexican mortgage market. Defendants promised an opportunity to greatly expand access to equity capital for this business. The plan was to use Alaska's seed capital, and valuable Trade Secrets, as further defined herein and, including specifically its critical proprietary local contacts and relationship information relating to the real estate business, to launch the proposed venture and to use that platform to leverage Well Rock's and Hanline's supposed access to equity capital for expansion.  LFC is a subsidiary of Global and was created to assist in this plan.

15.    After receiving numerous material representations made by Hainline and Well Rock and upon signing two memorandums of understanding, and an amendment thereto (the "MOU Documents"), which detailed, *inter alia*, Alaska's receipt of a 12.5% interest in Global upon the contribution of One Million One Hundred Thousand Dollars ($1,100,000), an additional 7.5% interest once Alaska made a line of credit available to Global, corresponding ownership interests in Global-affiliated entities formed in connection with the Proposed Venture, and

control by Alaska over the operation of Global and the Proposed Venture, in August and September 2017, Alaska wired One Million One Hundred Thousand Dollars ($1,100,000.00) (the "Cash Investment") and contributed the Trade Secrets to Global.  Upon receipt of Alaska's capital and Trade Secrets, however, Well Rock and Hainline did not turn over control of Global to Alaska as was required, but instead used their control over Global (as Global's managers) to immediately begin diverting these assets, including spending or transferring a substantial portion of the cash, to accounts and uses that are unrelated to the Proposed Venture while simultaneously denying Alaska the rights promised to it pursuant to the parties' agreements to control and oversee the Proposed Venture and the use of such funds and assets.

16.    Well Rock and Hainline also misappropriated assets for their own use and, in violation of duties owed to Alaska, began to use Alaska's Trade Secrets to establish an identical business in direct competition with Alaska.

17.    Once it became clear that the Defendants would not honor Alaska's rights in connection with the Proposed Venture and had spent or diverted a significant portion of Alaska's Cash Investment, Alaska demanded that Defendants cease to use Alaska's Trade Secrets and return its cash contribution.

18.    Rather than comply with Alaska's demand, the Defendants instead transferred an additional $300,000 of these funds from an account purportedly

intended to hold funds for Global but controlled by Well Rock to an unknown account which Alaska can neither view nor access, and continued their efforts to utilize Alaska's contributions to the venture, against the expressed wishes of Alaska and to the detriment of Alaska.

19.   On November 14, 2017, Plaintiff filed the Initial Action against the Defendants herein, Hainline and Well Rock.   On November 20, 2017, Plaintiff amended the Complaint solely to correct an error in the Plaintiff's name in the caption of the Initial Action.

20.   On November 15, 2017, Plaintiff filed a Motion for Temporary Restraining Order and Preliminary Injunction ("Motion for Injunction") and a Motion to Expedite. Defendants in the Initial Action did not oppose expedition.  On November 21, 2017, the Court heard oral arguments on the Motion for Injunction and on November 22, 2017 entered an order granting Plaintiff's Motion.  The TRO barred Defendants from further utilizing the Cash Investment and Trade Secrets contributed by Plaintiff to the joint venture and required an accounting of what remains of Alaska's Cash Investment and where the cash is located. The Court, while emphasizing that the injunction was in full force and effect, requested that the parties confer on language designed to further clarify the definition of trade secrets that Defendants were barred from utilizing pursuant to the TRO. The parties were unable to reach a consensus on the proposed language and all parties, including the

00502560                              7

Defendants, submitted competing proposals and letters to the Court on November 27, 2017. Defendants also sought improperly to resurrect waived arguments.

21.     On November 30, 2017, after having already received an adverse adjudication on the merits of the TRO, and prior to the Court rendering a decision on the proposed trade secrets language, Defendants filed a Notice of Removal with the United States District Court for the District of Delaware.

22.     On December 4, 2017, Plaintiff filed a Motion to Remand seeking to return this action to the Court of Chancery on two separate bases: (i) there is no Diversity Jurisdiction due to a lack of complete diversity between the parties; and (ii) Defendants waived any purported right to remove the action to this Court. Defendants filed their Answering Brief on December 18, 2017, contesting both grounds asserted by Alaska in support of Its Motion to Remand. That motion is now fully briefed and awaiting determination by the District Court.

23.     On or about December 11, 2017, Well Rock and Global ("Texas Plaintiffs") filed a complaint in the District Court of Travis County, Texas ("Texas Action") against Alaska seeking relief from Alaska, purportedly under NDA's which all parties agreed were not at issue in the Initial Proceeding, and purportedly seeking to bar Alaska from using confidential information to compete with the Texas Plaintiffs. Texas Plaintiffs filed a Motion for Expedited Discovery on or about December 14, 2017 in the Texas Action, but have never sought expedited proceeding

in Texas. In reality, the Texas Defendants seek to level a collateral attack on this Court's TRO, apparently using Alaska's funds in direct violation of the TRO.

24.    To date, Global's operations have been funded solely by using Alaska's Cash Investment.  This is evidenced by Global's representations to this Court during oral argument on the TRO Motion, where Global contended that if the Court were to enjoin Global from using Alaska's Cash Investment, Global would not be able to operate as Alaska's Cash Investment was and is the only capital Global possesses to continue operations.  Global has never operated at a profit.

25.    If indeed Global has no operating capital other than Alaska's Cash Investment, and there is no reason whatsoever to doubt this representation from Global's counsel, then the only way Global can continue to fund its aggressive litigation style, which includes removing the Initial Action and subsequently filing the Texas Action, is to use what remains of Alaska's Cash Investment, in direct violation of the TRO.

26.    Defendants are also in violation of the TRO by failing to provide an accounting of the amount and location of the remainder, if any, of Alaska's cash Investment and utilizing Alaska's Trade Secrets in direct competition with Alaska. By failing to comply with the TRO, Defendants' have hampered Alaska's ability to determine the current status and use of its Trade Secrets and Cash Investment.

00502560                                         9

27.     A receiver is necessary to assure Defendants' compliance with the TRO and to protect Alaska' s assets.

## COUNT I
### (Appointment of a Receiver Pursuant to 6 *Del. C.* § 18-1104)

28.     Alaska repeats and realleges each of the foregoing paragraphs as if fully set forth herein.

29.     This Court has the inherent equitable power to appoint a receiver and although appointing a receiver is an extraordinary remedy, such relief is warranted in the case *sub judice* because Defendants have misappropriated Alaska's Cash Investment for their own personal gain and have failed to abide by the TRO.

30.     It is necessary for Global's members to have a receiver appointed for Global because a real beneficial purpose will be served by appointing a receiver in that there appears to be no lesser means of assuring Defendants' compliance with this Court's orders, including the cessation of the use of Alaska's Cash Investment and reporting to the Court on the status of Alaska's Cash Investment.

31.     Other than Alaska's Cash Investment, Global and LFC are insolvent and are operating in direct violation of the TRO and as such, the appointment of a receiver is appropriate.

32.     The appointment of a receiver to take charge of Global's and LFC's assets is crucial to protect the above described assets as they have and may continue to lose significant value if corrective actions are not taken as soon as practicable.

WHEREFORE, Alaska respectfully requests the appointment of a receiver with the power to: take charge of and halt the use of Alaska's Cash Investment; provide an accounting to the Court or directly to Alaska (where Alaska will in turn prepare and provide a report of the Cash Investment to this Court); and prosecute and defend and voluntarily stay, in the name of Global, LFC or otherwise, all claims and suits, including to dismiss the Texas Action, and to do all acts which might be done by Global and LFC and which may be necessary or proper, and further that the Court order the Receiver to voluntarily stay all such legal actions, pending a report to the Court and further order of the Court.

Dated:  December 28, 2017                     Respectfully submitted,

*Of Counsel:*                                          COOCH AND TAYLOR, P.A.

Christopher Passodelis, Jr.                    __/s/ R. Bruce McNew_____
Nicholas L. Fiske                                   R. Bruce McNew (# 967)
Sherrard, German & Kelly, P.C.            The Brandywine Building
535 Smithfield St., Ste. 300                  1000 West Street, 10th Floor
Pittsburgh, PA 15222                           Wilmington, DE  19801
Phone: (412) 355-0200                         (302) 984-3810
Fax: (412) 261-6221                             bmcnew@coochtaylor.com
cp@sgkpc.com                                     *Attorneys for Plaintiff*

## IN THE COURT OF CHANCERY OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| ALASKA FINANCIAL COMPANY III LLC, an Alaska limited liability company, | ) ) ) ) | |
| Plaintiff, | ) ) | C.A. No. |
| v. | ) ) | |
| GLOBAL MORTGAGE GROUP, LLC, a Delaware limited liability company, and LFC GLOBAL, LLC, a Delaware limited liability company, | ) ) ) ) ) | |
| Defendants. | ) ) ) ) ) | |

## **VERIFICATION**

I, Tobias Preston, the President of Alaska Financial Company III, ("Plaintiff") being duly sworn, do hereby state under oath as follows:

1.     I am authorized to make this Verification on behalf of Plaintiff.

2.     I make this Verification pursuant to Chancery Court Rule 3(aa) in connection with the filing of its Verified Petition (the "Petition").

3.     I have been an officer of Plaintiff during all relevant times alleged in the Petition.

4.     I have read the Petition to be filed in the above-captioned action and authorize its filing.  The facts alleged in the Petition are true and correct to the best of my knowledge, information and belief.

 

 

Tobias Preston, President of
Alaska Financial Company, LLC

State of _____   :
                              :
_____ County   :

SWORN TO AND SUBSCRIBED before me this _____ day of December, 2017.

*CA Jurat*
*attached*

Notary Public
My Commission Expires:

00502570                                          2

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

State of California
County of Shasta

Subscribed and sworn to (or affirmed) before me on this 28th day of December , 20 17 , by TOBIAS J. PRESTON

proved to me on the basis of satisfactory evidence to be the person(s) who appeared before me.

**TERRIE ROBINSON**
Commission # 2126412
Notary Public - California
Shasta County
My Comm. Expires Sep 11, 2019

(Seal)

Signature _Terrie Robinson_

# EXHIBIT A

EFiled: Nov 22 2017 10:46AM EST
Transaction ID 61388987
Case No. 2017-0815-TMR

## IN THE COURT OF CHANCERY OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| ALASKA FINANCIAL COMPANY III, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 2017-0815-TMR |
| | ) | |
| GLOBAL MORTGAGE GROUP, LLC, LFC GLOBAL, LLC, WELL ROCK HOLDINGS, LLC, and MATTHEW Q. HAINLINE, | ) ) ) ) | |
| | | |
| Defendants. | | |

## ORDER GRANTING TEMPORARY RESTRAINING ORDER

WHEREAS, Plaintiff filed its Verified Complaint and Motion to Expedite on November 14, 2017 and its Verified Amended Complaint (the "Complaint") on November 20, 2017;

WHEREAS, Plaintiff moved for a Temporary Restraining Order ("TRO") on November 15, 2017;

WHEREAS, the Court heard oral arguments on the Motion to Expedite and the Motion for a TRO on November 21, 2017;

NOW, THEREFORE, THE COURT HEREBY FINDS AND ORDERS AS FOLLOWS:

1.      The Court has reviewed the Parties' briefs, supporting submissions, and the applicable law.

2.    The Motion to Expedite and the TRO are GRANTED.

3.    The Parties do not dispute the need for expedition.

4.    A TRO is a special remedy of short duration designed primarily to prevent imminent irreparable injury pending a preliminary injunction or final resolution of a matter. *Arkema Inc. v. Dow Chem. Co.*, 2010 WL 2334386, at *3 (Del. Ch. May 25, 2010) (quoting *CBOT Hldgs., Inc. v. Chicago Bd. Options Exch., Inc.*, 2007 WL 2296356, at *3 (Del. Ch. Aug. 3, 2007)). "To obtain such an order, a party must demonstrate three things: '(i) the existence of a colorable claim, (ii) the [existence of] irreparable harm . . . if relief is not granted, and (iii) a balancing of hardships favoring the moving party.'" *Id.* (quoting *CBOT Hldgs., Inc.*, 2007 WL 2296356, at *3). When deciding whether to issue a TRO, the Court's focus is less upon the merits of the plaintiff's legal claim than on the relative harm to the various parties if the remedy is or is not granted. *Cottle v. Carr*, 1988 WL 10415, at *2 (Del. Ch. Feb. 9, 1988). Indeed, if imminent irreparable harm exists, "the remedy ought ordinarily to issue" unless the claim is frivolous, granting the remedy would cause greater harm than denying it, or the plaintiff has contributed in some way to the emergency nature of the need for relief. *Id.* at *3 (footnote omitted). This "less exacting merits-based scrutiny," *CBOT Hldgs., Inc.*, 2007 WL 2296356, at *3, derives from a realistic appreciation of the short-term duration of the remedy and the

2

limited factual record generally available at such an early stage in the proceeding. *Cottle*, 1988 WL 10415, at *2.

5.     First, Plaintiff has stated a non-frivolous claim for at least breach of contract and misappropriation of trade secrets.   Plaintiff argues that the plain language of the contract, which consists of several executed agreements with no integration clauses, provides Plaintiff with operational oversight and management of Global Mortgage (the "Venture").   In fact, paragraph five of the August 6, 2017 Memorandum of Understanding ("MOU") states: "Alaska to perform operational oversight by Shanie McElreath/Alaska Designee as operations manager of Global Mortgage and related entities."   Compl. Ex. B, ¶ 5.   Defendants do not contest that they have barred Plaintiff from any operational oversight or management of the Venture, nor do they dispute that Plaintiff is entitled to some sort of the same.   Thus, Plaintiff has stated a colorable claim for at least breach of contract.

6.     Plaintiff further alleges that Defendants have misappropriated trade secrets Plaintiff provided pursuant to the MOUs.   Under 6 *Del. C.* § 2001 "'Misappropriation' shall mean: . . . use of a trade secret of another without express or implied consent by a person who . . . [u]sed improper means to acquire knowledge of the trade secret."   6 *Del. C.* § 2001(1).   "'Improper means' shall include . . . misrepresentation."  6 *Del. C.* § 2001(2)(b)(1.).   A trade secret is information that:

> a. Derives independent economic value, actual or
> potential, from not being generally known to, and not

being readily ascertainable by proper means by, other persons who can obtain economic value from its disclosure or use; and

b. Is the subject of efforts that are reasonable under the circumstances to maintain its secrecy. 6 *Del. C.* § 2001(4).

Paragraphs 48-51 of the Complaint sufficiently allege a colorable claim of misappropriation of trade secrets. Compl. ¶¶ 48-51.

7.    Second, Plaintiff has adequately stated that it may suffer irreparable harm. Plaintiff has been deprived of its bargained-for role in the Venture. Plaintiff contracted to contribute, and did contribute or attempt to contribute, $1.1 million, trade secrets, operational oversight and management, and an agreement not to compete with the Venture. Even assuming Defendants do not become judgment proof, a simple monetary remedy will not make Plaintiff whole or compensate it for being deprived of its active role in the Venture.

8.    Third, Defendants allege the Venture will be harmed by the delay the TRO will cause to the development of the business. Balancing the delay against the total loss of the business opportunity Plaintiff will suffer without the TRO weighs in favor of granting the TRO to stop the clock and protect the Venture.

9.    Thus, the Court grants a TRO and the Motion to Expedite in the forms submitted by Plaintiff with the following exception. The Court recognizes Defendants concerns about the workability of "trade secrets" as used in Plaintiff's proposed order. Therefore, the Parties shall confer and submit a joint stipulated

4

implementing form of the order by Monday, November 27, 2017 that defines the trade secrets that will be governed by the TRO.

10.    Defendants are cautioned that the TRO is now in effect regardless of when the final form with the more refined definition of trade secrets is implemented.

*/s/ Tamika Montgomery-Reeves*
Vice Chancellor
Dated: November 22, 2017

5

EFiled: Nov 15 2017 03:49PM EST
Transaction ID 61365981
Case No. 2017-0815-TMR

## IN THE COURT OF CHANCERY OF THE STATE OF DELAWAR

|  |  |  |
|---|---|---|
| ALASKA FINANCIAL COMPANY, LLC, an Alaska limited liability company, | ) ) ) ) | |
| Plaintiff, | ) | C.A. No. 2017-0815-TMR |
| v. | ) ) | |
| GLOBAL MORTGAGE GROUP, LLC, a Delaware limited liability company, LFC GLOBAL, LLC, a Delaware limited liability company, WELL ROCK HOLDINGS, LLC, a Texas limited liability company, and MATTHEW Q. HAINLINE, | ) ) ) ) ) ) ) | |
| Defendants. | ) | |

## [PROPOSED] TEMPORARY RESTRAINING ORDER

WHEREAS, the Court having considered Plaintiff's Motion for a Temporary Restraining Order (the "Motion"), and for good cause shown;

IT IS HEREBY ORDERED, this _____ day of _____, 2017.

(1)   Plaintiff's Motion for Temporary Restraining Order is **GRANTED**;

  a. Defendants may not use or act upon any of Alaska's Trade Secrets in any way;

  b. Defendants are enjoined from drawing upon, disposing, converting, transferring, pledging, spending, or otherwise using Alaska's Cash

00489026

Investment, regardless of where or with whom said funds are held; and

c. Defendants shall report to the Court on the amount of and location of such funds.

**IT IS SO ORDERED.**

_____
Chancellor/Vice Chancellor

00489026

2

EFiled:  Nov 14 2017 02:58PM EST
Transaction ID 61358625
Case No. 2017-0815-

## IN THE COURT OF CHANCERY OF THE STATE OF DELAWAR

ALASKA FINANCIAL COMPANY, )
LLC, an Alaska limited liability )
company, )
         )
         Plaintiff,     )   C.A. No. _____
         )
v.                )
         )
GLOBAL MORTGAGE GROUP, )
LLC, a Delaware limited liability )
company, LFC GLOBAL, LLC, a )
Delaware limited liability company, )
WELL ROCK HOLDINGS, LLC, a )
Texas limited liability company, and )
MATTHEW Q. HAINLINE, )
         )
         Defendants.

---

## [PROPOSED] ORDER GRANTING PLAINTIFF'S MOTION FOR EXPEDITED PROCEEDINGS

WHEREAS, Plaintiff, Alaska Financial Company, LLC, having filed a motion to expedite the Court's consideration of its Motion for Temporary Restraining Order and Preliminary Injunction and good cause having been shown;

**IT IS HEREBY ORDERED** this _____ day of _____, 2017 that:

(1)     The Motion for Expedited Proceedings is GRANTED;

(2)     Plaintiff shall file its Motion for a Temporary Restraining Order and supporting papers no later than ___:___ __.m. on _____, 2017.

00488464

(3)    Defendants shall file their responses to Plaintiff's Verified Complaint and any opposition to Plaintiff's Motion for Temporary Restraining Order and supporting papers no later than ___:___ __.m. on _____, 2017;

(4)    Plaintiff shall file any reply in support of Plaintiff's Motion for a Temporary restraining Order and supporting papers no later than ___:___ __.m. on _____, 2017; and

(3)    The Court will hear Plaintiff's Motion for Temporary Restraining Order at ___:___ __.m. on _____, 2017.


_____
Chancellor/Vice Chancellor

# EXHIBIT B

# U.S. District Court
## District of Delaware (Wilmington)
## CIVIL DOCKET FOR CASE #: 1:17-cv-01723-MWB

Alaska Financial Company III, LLC v. Global Mortgage Group, LLC et al

Assigned to: Judge Matthew W. Brann

Demand: $1,100,000

Case in other court: DE Chancery Ct, 17-00815

Cause: 28:1441 Notice of Removal-Contract Dispute

Date Filed: 11/30/2017

Jury Demand: None

Nature of Suit: 190 Contract: Other

Jurisdiction: Federal Question

### Plaintiff

**Alaska Financial Company III, LLC**
*an Alaska limited liability company*

represented by **R. Bruce McNew**
Cooch and Taylor
The Brandywine Building
1000 N. West Street, 10th Floor
Wilmington, DE 19801
(302) 984-3810
Email: bmcnew@coochtaylor.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

V.

### Defendant

**Global Mortgage Group, LLC**
*a Delaware limited liability company*

represented by **Gregory V. Varallo**
Richards, Layton & Finger, PA
One Rodney Square
Suite 600
920 N. King Street
Wilmington, DE 19801
(302) 651-7772
Fax: (302) 498-7772
Email: varallo@rlf.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Anthony Michael Calvano**
Richards, Layton & Finger, PA
One Rodney Square
Suite 600
920 N. King Street
Wilmington, DE 19801
(302) 651-7527
Email: calvano@rlf.com
*ATTORNEY TO BE NOTICED*

**Kelly E. Farnan**
Richards, Layton & Finger, PA

One Rodney Square
Suite 600
920 N. King Street
Wilmington, DE 19801
(302) 651-7705
Email: farnan@rlf.com
*ATTORNEY TO BE NOTICED*

**Richard Philip Rollo**
Richards, Layton & Finger, PA
One Rodney Square
Suite 600
920 N. King Street
Wilmington, DE 19801
(302) 651-7846
Fax: (302) 498-7846
Email: rollo@rlf.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**LFC Global, LLC**
*a Delaware limited liability company*

represented by **Gregory V. Varallo**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Anthony Michael Calvano**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Kelly E. Farnan**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Richard Philip Rollo**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Well Rock Holdings, LLC**
*a Texas limited liability company*

represented by **Gregory V. Varallo**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Anthony Michael Calvano**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Kelly E. Farnan**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Richard Philip Rollo**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

Matthew Q. Hainline                        represented by  **Gregory V. Varallo**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Anthony Michael Calvano**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Kelly E. Farnan**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Richard Philip Rollo**
(See above for address)
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 11/30/2017 | 1 | MOTION to File Exhibit Under Seal - filed by Global Mortgage Group, LLC, Matthew Q. Hainline, LFC Global, LLC, Well Rock Holdings, LLC. (Attachments: # 1 Text of Proposed Order)(nmg) (Entered: 11/30/2017) |
| 11/30/2017 | 2 | NOTICE OF REMOVAL and copies of documents from DE Chancery Court, Case Number 2017-0815 (Filing fee $400, receipt number 0311-2274738)- filed by Well Rock Holdings, LLC, LFC Global, LLC, Global Mortgage Group, LLC, Matthew Q. Hainline. (Attachments: # 1 Exhibit A, # 2 Civil Cover Sheet)(nmg) (Entered: 11/30/2017) |
| 11/30/2017 | 3 | Notice, Consent and Referral forms re: U.S. Magistrate Judge jurisdiction. (nmg) (Entered: 11/30/2017) |
| 11/30/2017 | | No Summons Issued. (nmg) (Entered: 11/30/2017) |
| 11/30/2017 | | Remark: Exit Copies to Duty Judge (RGA). (nmg) (Entered: 11/30/2017) |
| 11/30/2017 | 4 | [SEALED] EXHIBIT B to 2 Notice of Removal, by Global Mortgage Group, LLC, Matthew Q. Hainline, LFC Global, LLC, Well Rock Holdings, LLC. (nmg) (Entered: 11/30/2017) |
| 11/30/2017 | 5 | ORDER granting 1 Motion to Seal. Signed by Judge Richard G. Andrews on 11/30/217. (nmg) (Entered: 11/30/2017) |
| 11/30/2017 | | Remark: Case submitted for routine judicial assignment. (nmg) (Entered: 11/30/2017) |
| 12/04/2017 | 6 | MOTION to Remand - filed by Alaska Financial Company III, LLC. (Attachments: # 1 Text of Proposed Order)(McNew, R.) (Entered: 12/04/2017) |
| 12/04/2017 | 7 | OPENING BRIEF in Support re 6 MOTION to Remand filed by Alaska Financial Company III, LLC.Answering Brief/Response due date per Local Rules is 12/18/2017. (Attachments: # 1 Exhibit A)(McNew, R.) (Entered: 12/04/2017) |
| 12/06/2017 | | Case Assigned to Judge Matthew W. Brann of the Middle District of Pennsylvania (in lieu of Vacant Judgeship). Please include the initials of the Judge (MWB) after the case number on all documents filed. (rjb) (Entered: 12/06/2017) |

| 12/06/2017 | 8 | STIPULATION TO EXTEND TIME re: Answer to Complaint to through and including December 21, 2017 - filed by Global Mortgage Group, LLC, Matthew Q. Hainline, LFC Global, LLC, Well Rock Holdings, LLC. (Farnan, Kelly) (Entered: 12/06/2017) |
| --- | --- | --- |
| 12/07/2017 | 9 | REDACTED VERSION of 4 Exhibit to a Document *Exhibit B to Notice of Removal* by Global Mortgage Group, LLC, Matthew Q. Hainline, LFC Global, LLC, Well Rock Holdings, LLC. (Calvano, Anthony) (Entered: 12/07/2017) |
| 12/08/2017 | 10 | ORDER re 8 STIPULATION TO EXTEND TIME. Set/Reset Answer Deadlines: Global Mortgage Group, LLC answer due 12/21/2017; Matthew Q. Hainline answer due 12/21/2017; LFC Global, LLC answer due 12/21/2017; Well Rock Holdings, LLC answer due 12/21/2017. Signed by Judge Matthew W. Brann on 12/8/2017. (fms) (Entered: 12/08/2017) |
| 12/18/2017 | 11 | MOTION for Pro Hac Vice Appearance of Attorney Curran M. Walker - filed by Global Mortgage Group, LLC, Matthew Q. Hainline, LFC Global, LLC, Well Rock Holdings, LLC. (Attachments: # 1 Exhibit Certification of Curran M. Walker to be Admitted Pro Hac Vice, # 2 Text of Proposed Order Order Granting Motion for Admission Pro Hac Vice of Curran M. Walker)(Calvano, Anthony) (Entered: 12/18/2017) |
| 12/18/2017 | 12 | MOTION for Pro Hac Vice Appearance of Attorney J. David Rowe - filed by Global Mortgage Group, LLC, Matthew Q. Hainline, LFC Global, LLC, Well Rock Holdings, LLC. (Attachments: # 1 Exhibit Certification by J. David Rowe to be Admitted Pro Hac Vice, # 2 Text of Proposed Order Order Granting Motion for Admission Pro Hac Vice of J. David Rowe)(Calvano, Anthony) (Entered: 12/18/2017) |
| 12/18/2017 | 13 | ANSWERING BRIEF in Opposition re 6 MOTION to Remand filed by Global Mortgage Group, LLC, Matthew Q. Hainline, LFC Global, LLC, Well Rock Holdings, LLC.Reply Brief due date per Local Rules is 12/27/2017. (Calvano, Anthony) (Entered: 12/18/2017) |
| 12/21/2017 | 14 | ORDER granting 12 MOTION for Pro Hac Vice Appearance of Attorney J. David Rowe filed by Well Rock Holdings, LLC, Matthew Q. Hainline, LFC Global, LLC, Global Mortgage Group, LLC. Signed by Judge Matthew W. Brann on 12/20/2017. (fms) (Entered: 12/21/2017) |
| 12/21/2017 | 15 | ORDER granting 11 MOTION for Pro Hac Vice Appearance of Attorney Curran M. Walker filed by Well Rock Holdings, LLC, Matthew Q. Hainline, LFC Global, LLC, Global Mortgage Group, LLC. Signed by Judge Matthew W. Brann on 12/20/2017. (fms) (Entered: 12/21/2017) |
| 12/21/2017 | 16 | MOTION to Dismiss for Failure to State a Claim - filed by Global Mortgage Group, LLC, Matthew Q. Hainline, LFC Global, LLC, Well Rock Holdings, LLC. (Attachments: # 1 Text of Proposed Order)(Farnan, Kelly) (Entered: 12/21/2017) |
| 12/21/2017 | 17 | OPENING BRIEF in Support re 16 MOTION to Dismiss for Failure to State a Claim *Pursuant to Rule 12(b)(6)* filed by Global Mortgage Group, LLC, Matthew Q. Hainline, LFC Global, LLC, Well Rock Holdings, LLC.Answering Brief/Response due date per Local Rules is 1/4/2018. (Farnan, Kelly) (Entered: 12/21/2017) |
| 12/21/2017 | 18 | MOTION to Dismiss Based upon Forum Non Conveniens Or, Alternatively, Transfer Venue - filed by Global Mortgage Group, LLC, Matthew Q. Hainline, LFC Global, LLC, Well Rock Holdings, LLC. (Attachments: # 1 Text of Proposed Order)(Calvano, Anthony) (Entered: 12/21/2017) |
| 12/21/2017 | 19 | OPENING BRIEF in Support re 18 MOTION to Dismiss Based upon Forum Non Conveniens Or, Alternatively, Transfer Venue filed by Global Mortgage Group, LLC, Matthew Q. Hainline, LFC Global, LLC, Well Rock Holdings, LLC.Answering |

| | | Brief/Response due date per Local Rules is 1/4/2018. (Calvano, Anthony) (Entered: 12/21/2017) |
| --- | --- | --- |
| 12/21/2017 | 20 | [SEALED] APPENDIX re 18 MOTION to Dismiss Based upon Forum Non Conveniens Or, Alternatively, Transfer Venue by Global Mortgage Group, LLC, Matthew Q. Hainline, LFC Global, LLC, Well Rock Holdings, LLC. (Attachments: # 1 Exhibit 1-5)(Calvano, Anthony) (Entered: 12/21/2017) |
| 12/22/2017 | 21 | REPLY BRIEF re 6 MOTION to Remand filed by Alaska Financial Company III, LLC. (McNew, R.) (Entered: 12/22/2017) |
| 12/27/2017 | 22 | MOTION for Extension of Time to File Answer re 16 MOTION to Dismiss for Failure to State a Claim , 18 MOTION to Dismiss Based upon Forum Non Conveniens Or, Alternatively, Transfer Venue - filed by Alaska Financial Company III, LLC. (Attachments: # 1 Exhibit A, # 2 Text of Proposed Order)(McNew, R.) (Entered: 12/27/2017) |
| 12/27/2017 | 23 | REQUEST for Oral Argument by Alaska Financial Company III, LLC re 6 MOTION to Remand . (McNew, R.) (Entered: 12/27/2017) |
| 12/27/2017 | 24 | Letter to The Honorable Matthew W. Brann from R. Bruce McNew, Esquire regarding clarification. (McNew, R.) (Entered: 12/27/2017) |
| 12/27/2017 | 25 | EXHIBIT re 24 Letter *(Exhibits A-C)* by Alaska Financial Company III, LLC. (McNew, R.) (Entered: 12/27/2017) |

| PACER Service Center | | |
| --- | --- | --- |
| **Transaction Receipt** | | |
| 12/27/2017 14:53:05 | | |
| **PACER Login:** | CT195003:2530631:0 | **Client Code:** 67016-1 |
| **Description:** | Docket Report | **Search Criteria:** 1:17-cv-01723-MWB Start date: 1/1/1970 End date: 12/27/2017 |
| **Billable Pages:** | 5 | **Cost:** 0.50 |

# EXHIBIT C

(https://www.traviscountytx.gov)

**District Clerk - AARO - Attorney Access to Records Online**

# Details

Updated : Wednesday, December 27, 2017 5:08:50 AM

| | | |
|---|---|---|
| **Cause Number** | D-1-GN-17-006633 | Request Documents (/aaro/Content/record_search_fi |
| **Style** | WELL ROCK V ALASKA FINANCIAL | |
| **Filed Date** | 12/11/2017 | New Search (/aaro/) |
| **Court** | 53 | |
| **Type** | BREACH OF CONTRACT (GEN LIT ) | |
| **Case Status** | PENDING | |
| **Action/Offense** | | |
| **Hearing Date** | 2/1/2018 02:00 PM | |

| Attorney | Type | Party - Full/Business | Party - Person |
|---|---|---|---|
| ROWE J. DAVID | PLAINTIFF | GLOBAL MORTGAGE GROUP LLC | |
| | DEFENDANT | ALASKA FINANCIAL COMPANY III LLC | |
| ROWE J. DAVID | PLAINTIFF | WELL ROCK HOLDINGS LLC | |

| Date | Court | Party | Description | Category | Pages | |
|---|---|---|---|---|---|---|
| 12/14/2017 | 53 | DF | EXECUTED SERVICE | SRVPROCESS | 1 | Download (/aaro/Default /GetPdf?barCodeId=5573671) |
| 12/13/2017 | 53 | PL | MTN:OTHER MOTION | MOTION | 19 | Download (/aaro/Default /GetPdf?barCodeId=5571322) |
| 12/12/2017 | 53 | DF | ISS:CITATION SEC ST-INS-HWY | ISSUANCE | 0 | PDF not available |
| 12/11/2017 | 53 | PL | ORIGINAL PETITION/APPLICATION | PET-PL | 46 | Download (/aaro/Default /GetPdf?barCodeId=5567813) |

Request Documents (/aaro/Content/record_search_fillable.pdf)

New Search (/aaro/)

© 2017 Travis County, Texas - All rights reserved.

# EXHIBIT D

NO. D-1-GN-17-006633

| | | |
|---|---|---|
| WELL ROCK HOLDINGS, LLC, and GLOBAL MORTGAGE GROUP, LLC, | § § § | IN THE DISTRICT COURT OF |
| Plaintiffs, | § § | |
| VS. | § § | |
| ALASKA FINANCIAL COMPANY III, LLC, | § § § § | TRAVIS COUNTY, TEXAS |
| Defendant. | § § § | 53rd JUDICIAL DISTRICT |

## PLAINTIFFS' MOTION FOR EXPEDITED DISCOVERY

Plaintiffs Well Rock Holdings, LLC and Global Mortgage Group, LLC file this Motion for Expedited Discovery in connection with their Application for Temporary Injunction, and respectfully show the Court as follows:

### I.
### INTRODUCTION AND SUMMARY OF RELIEF SOUGHT

1.      Plaintiffs Well Rock Holdings, LLC ("Well Rock") and Global Mortgage Group, LLC ("Global Mortgage") (together, "Plaintiffs") intend to set a hearing on their Application for Temporary Injunction on the Central Docket at the earliest possible date, pending the outcome of this Motion.   To prepare for that hearing, Plaintiffs request expedited discovery from Defendant Alaska Financial Company III, LLC ("Alaska").   In particular, Plaintiffs request an order requiring Alaska to do the following:   (1) within five days of service of this Motion by certified mail and email produce documents responsive to the Requests for Production attached hereto as **Exhibit A**; and (2) produce on January 9, 2018 (or another date mutually agreed by the

parties) a corporate representative to testify regarding the topics in the Notice of Deposition attached hereto as **Exhibit B**.  Plaintiffs additionally request that the Court order that the foregoing deposition will not preclude or limit a future deposition of Alaska if discovery is taken for a trial on the merits in this case.

2.      Plaintiffs' need for a temporary injunction and expedited discovery is due to Alaska's misappropriation and use of Plaintiffs' confidential business information to compete unfairly with Plaintiffs, in violation of contractual confidentiality, non-competition, and non-circumvention obligations Defendant owes to Plaintiffs.   The urgency of Plaintiffs' request for expedited discovery is demonstrated by the detailed facts alleged in Plaintiffs' verified Original Petition and Application for Temporary Injunction, which Plaintiffs incorporate herein by this reference.

## II.
### ARGUMENT AND AUTHORITIES

3.      The Texas Rules of Civil Procedure allow expeditious discovery in cases such as this where it is necessary.  Under the Rules, discovery commences when suit is filed.  Tex. R. Civ. P. 190.3(b)(1).  The Rules also permit courts to shorten the time period under which a party must respond to discovery in cases, like this one, where the need for discovery is urgent.  For example, Rule 191.1 provides that "the procedures and limitations set forth in the rules pertaining to discovery may be modified in any suit...by court order for good cause.[1]  Additionally, Rule 196.3 allows a court to shorten the time in which a party must respond to a request for production.  Tex. R. Civ. P.

---

[1] Similarly, Rule 190.4, which governs Level 3 cases, provides that a "court must, on a party's motion, and may, on its own initiative, order that discovery be conducted in accordance with a discovery control plan *tailored to the specific circumstances of the suit*."  Tex. R. Civ. P. 190.4(a) (emphasis provided).

196.3(a) ("the responding party must produce the requested documents…at either the time and place requested or the time and place stated in the response, *unless otherwise…ordered by the court*") (emphasis provided).

4. In addition to the Texas Rules of Civil Procedure, prior case law supports expedited discovery in this case. Several Texas trial courts have permitted expedited discovery in similar instances on similar motions. *See Haber Oil Co., Inc. v. Stanley Swabbing & Well Serv., Inc.*, 741 S.W.2d 611, 612 (Tex. App.—Beaumont 1987, no writ) (expedited discovery ordered within three days of service on defendant of suit on a sworn account); *Hlavinka v. Griffin*, 721 S.W.2d 521, 522 (Tex. App.—Corpus Christi 1986, no writ) (motion for expedited deposition granted the same day divorce suit was filed).

5. Good cause exists to shorten the time for discovery relating to Plaintiffs' Application for Temporary Injunction. Due to Defendant's illegal and ongoing use of Plaintiffs' confidential information to compete unfairly with Plaintiffs, Plaintiffs intend to set a hearing on their Application for Temporary Injunction at the earliest possible date. In order to prepare for the hearing, Plaintiffs need discovery from Defendant on an accelerated schedule. Plaintiffs therefore respectfully request that this Court exercise its power under the Texas Rules of Civil Procedure and allow Plaintiffs to take expedited discovery.

## III.
### PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that the Court enter an order requiring Defendant Alaska to (1) produce documents responsive to the Requests for Production attached hereto as **Exhibit A**, and (2) produce a corporate representative to testify regarding the topics in the Notice of Deposition attached hereto as **Exhibit B**. Plaintiffs further request such other relief, at law or in equity, to which Plaintiffs may be justly entitled.

Respectfully submitted,

J. David Rowe
State Bar No. 00794564
drowe@dbcllp.com
Curran M. Walker
State Bar No. 24101288
cwalker@dbcllp.com
**DUBOIS, BRYANT & CAMPBELL, LLP**
303 Colorado, Suite 2300
Austin, Texas 78701
Telephone: (512) 457-8000
Facsimile: (512) 457-8008

**ATTORNEYS FOR PLAINTIFFS WELL ROCK HOLDINGS, LLC and GLOBAL MORTGAGE GROUP, LLC**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document is being served on Defendant Alaska Financial Company III, LLC in the following ways:

1.      certified mail addressed to Alaska's registered agent for service in Alaska;

2.      email addressed to Tobias Preston, the managing member of Alaska's sole member and manager, McKinley Mortgage Co. LLC; and

3.      email addressed to Alaska's counsel.

J. David Rowe/Curran M. Walker

# EXHIBIT A

NO. D-1-GN-17-006633

| | | |
|---|---|---|
| WELL ROCK HOLDINGS, LLC, and | § | IN THE DISTRICT COURT OF |
| GLOBAL MORTGAGE GROUP, LLC, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| VS. | § | |
| | § | TRAVIS COUNTY, TEXAS |
| ALASKA FINANCIAL COMPANY III, | § | |
| LLC, | § | |
| | § | |
| | § | |
| Defendant. | § | 53rd JUDICIAL DISTRICT |

## **PLAINTIFFS' EXPEDITED REQUESTS FOR PRODUCTION TO DEFENDANT**

TO:   Defendant Alaska Financial Company III, LLC by and through its registered agent for service of process, Charles Preston, at 12350 Industry Way, Suite 203, Anchorage, Alaska 99515.

Pursuant to Rule 196 of the Texas Rules of Civil Procedure, Plaintiffs Well Rock Holdings, LLC and Global Mortgage Group, LLC (collectively "Plaintiffs") serve the following Expedited Requests for Production ("Expedited Requests") on Defendant Alaska Financial Company III, LLC ("Defendant").  Defendant is hereby directed to serve written responses to the Expedited Requests, and to produce, for inspection and copying, responsive documents at the Austin offices of Plaintiffs' undersigned counsel of record, DuBois, Bryant & Campbell, LLP, 303 Colorado Street, Suite 2300, Austin, Texas 78701, within five (5) days after being served with these Expedited Requests.

Respectfully submitted,

DuBOIS, BRYANT & CAMPBELL, LLP
303 Colorado Street, Suite 2300
Austin, TX  78701
(512) 457-8000
(512) 457-8008 (Facsimile)


By:_____

      J. David Rowe
      State Bar No. 00794564
      drowe@dbcllp.com
      Curran M. Walker
      State Bar No. 24101288
      cwalker@dbcllp.com

ATTORNEYS FOR PLAINTIFFS
WELL ROCK HOLDINGS, LLC and GLOBAL
MORTGAGE GROUP, LLC


## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing document has been served on the following by certified mail and email on this ____ day of December, 2017:

Charles Preston, Registered Agent      Registered Agent for Defendant
Alaska Financial Company III, LLC      *ALASKA FINANCIAL COMPANY III, LLC*
12350 Industry Way, Suite 203
Anchorage, Alaska 99515
E:  Charles@akfinancialco.com


          _____

          J. David Rowe/Curran M. Walker

# I.
# INSTRUCTIONS

A.    The following Instructions shall apply to these Expedited Requests:

      1.    Unless otherwise indicated below, these Requests are limited to the time period of April 1, 2017, to the present.  However, these Requests remain continuing so as to require supplemental or amended responses pursuant to Texas Rule of Civil Procedure 193.5.

      2.    You are to produce the Documents which are in Your possession, custody, or control.

      3.    You are to produce Documents and label them to correspond with the categories in each request.

      4.    Your written response shall state with respect to each item or category of items that inspection will be permitted as requested except only to the extent that You make Objections in writing to particular items, or categories of items, stating specific reasons why such discovery should not be allowed.

      5.    If any documents requested were at one time in existence but are no longer in existence, please so state, specifying in detail for each document: the type of document, the types of information contained therein, the date upon which it ceased to exist, the circumstances under which it ceased to exist, and the identity of all persons having knowledge or who had knowledge of the contents thereof.

      6.    You are to produce the original and all non-identical copies of the document, i.e., copies with margin notes, comments, etc., and You are not to dispose of the Documents until the inspection or copying hereunder has been completed.

      7.    Each document request shall be construed independently and shall not be limited by any other document request.

# II.
# DEFINITIONS

The following definitions shall apply to Expedited Requests for Production:

      1.    The term "**Person**" refers to natural persons, firms, joint owners, associations, companies, partnerships, joint ventures, corporations, trusts, estates, agencies, departments, or bureaus (governmental or private), and any other form of business, governmental, judicial, or legal entity.

2.      The term "**Document(s)**" shall mean all original and any non-identical copies of any written or graphic matter, however produced or reproduced within the scope of Rule 192.3(b), (f), (g), and (h) of the Texas Rules of Civil Procedure.  It is used here in its broadest sense and includes, without limitation, the following, whether printed, stored, or reproduced by any process, or written or produced by hand, and whether or not claimed to be privileged or otherwise excludable from discovery, namely: electronic mail, computer tapes, discs, drums, zip drives, writeable CD ROMs, tape back-up, Jaz drives, removable hard drives, 8mm DAT or DLT systems, memory cores, or other computer media; computer printouts or other computer output; notes; writings; drawings; graphs; data; lists; itineraries; correspondence; communications of any nature; telegrams; memoranda; notebooks of any character; charts; summaries of records of personal conversations; calendars; diaries or excerpts therefrom; logs; routing slips or memoranda; reports; publications; photographs; minutes or records of meetings; transcripts of oral testimony or statements; reports or summaries of interviews; letters; written statements; affidavits; reports or summaries of investigations; agreements or contracts, including all modifications or revisions thereof; reports or summaries of negotiations; court papers; brochures; pamphlets; press releases; drafts of, revisions of drafts of, or translations of any document; tape recordings; dictation recordings or belts; data compilations; and all tangible items.  Any document with marks on any sheet or side thereof, including by way of illustration only and not by way of limitation, initials, stamped indicia, any comment or notation of any character and not a part of the original text, or any reproduction thereof, is to be considered a separate document for purposes of this request. "Document" also includes any copy of an original document, if the original is unavailable.

3.      The term **Communication(s)**" is used here in its broadest sense, and includes without limitation, statements, discussions, conversations, letters, memoranda, emails, facsimiles, speeches, conferences, documents, meetings, remarks, questions, answers, notes, outlines, agendas, presentations, spreadsheets, recordings, computer or electronic transmissions, panel discussions, broadcasts, newsletters, updates, reports, analysis and/or analyses, explanations, summaries, materials, item of information, investor relations documents, and symposia of any kind, or any other transmittal of information or document whether written, oral, in person, by telephone or otherwise in your possession, custody or control.  The term further includes, without limitation, both communications and statements which are face-to-face and those which are transmitted by media such as email, fax, pdf, intercom, telephone, television, mail, express mail, hand-delivery, courier, radio, wire, electronic means, computer or any other means, and drafts of such communications or communication.  Without limitation of the term control as used herein, a document is deemed to be in your control if you have the right to secure the documents, or a copy thereof, from another person having actual physical possession thereof, including but not limited to your current or former attorneys, agents, consultants, partners, employees, employers, contractors, vendors, business associates and/or other persons or entities.

4.     The terms **"referring,"** **"relating,"** **"concerning,"** and **"reflecting"** to any given subject when used to specify a document, communication, or statement, means any Document, Communication, or statement that constitutes, contains, embodies, reflects, identifies, states, refers to, deals with or is in any manner whatsoever pertinent to that subject.

5.     The term **"Including"** means "including but not limited to."

6.     **"Alaska"** means Alaska Financial Company III, LLC, its successors, predecessors, divisions, subsidiaries, present and former owners, members, managers, officers, agents, employees, and all other persons acting on behalf of it, its successors, predecessors, divisions, and subsidiaries.

7.     **"Preston"** means Tobias Preston, his successors, predecessors, agents, employees, and all other persons acting on his behalf.

8.     **"You"** and **"Your"** mean Alaska.

9.     **"Global Mortgage"** means Global Mortgage Group, LLC.

10.     **"Well Rock"** means Well Rock Holdings, LLC.

11.     **"LFC"** means LFC Global, LLC.

12.     **"Hainline"** means Matthew Hainline.

13.     The terms **"and"** and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside its scope.

14.     The use of the singular form of any word shall include the plural and vice versa.

## REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1.** All documents relating to or evidencing efforts by you since April 14, 2017 to market, sell, originate, or securitize mortgages for U.S. purchasers of real estate in Mexico.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 2.** All documents relating to or evidencing efforts by you since April 14, 2017 to prepare to market, sell, originate, or securitize mortgages for U.S. purchasers of real estate in Mexico.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 3.** All documents relating to or evidencing efforts by you prior to April 14, 2017 to market, sell, originate, or securitize mortgages for U.S. purchasers of real estate in Mexico.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 4.** All documents relating to or evidencing efforts by you prior to April 14, 2017 to prepare to market, sell, originate, or securitize mortgages for U.S. purchasers of real estate in Mexico.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 5.** All communications between you and any third party relating to the Global Mortgage Put Agreement, or any of its actual or proposed terms and/or participants.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 6.** All communications between you and any third party relating to the Cabo Default Fund, or any of its actual or proposed terms and/or participants.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 7.** All communications between you and any third party relating to the Global Mortgage Broker Compensation Model, or any of its actual or proposed terms and/or participants.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 8.** All communications between you and any third party relating to any documents created, prepared, or otherwise worked on by Jones Day on behalf of Global Mortgage, LFC, Well Rock, or Hainline.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 9.** All communications between you and any third party relating to the Global Mortgage Business Plan, or any of its actual or proposed terms and/or participants.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 10.** All communications between you and any third party relating to any financial model prepared by NatAlliance for Global Mortgage, LFC, Well Rock, or Hainline.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 11.** All communications between you and NatAlliance since July 26, 2017.

**RESPONSE:**

# EXHIBIT B

NO. D-1-GN-17-006633

| | | |
|---|---|---|
| WELL ROCK HOLDINGS, LLC, and GLOBAL MORTGAGE GROUP, LLC, | § § § | IN THE DISTRICT COURT OF |
| Plaintiffs, | § § § | |
| VS. | § § | |
| | § | TRAVIS COUNTY, TEXAS |
| ALASKA FINANCIAL COMPANY III, LLC, | § § § | |
| | § § | |
| Defendant. | § | 53rd JUDICIAL DISTRICT |

## PLAINTIFFS' NOTICE OF INTENT TO TAKE
## EXPEDITED DEPOSITION OF ALASKA FINANCIAL COMPANY III, LLC

TO:   Defendant Alaska Financial Company III, LLC by and through its registered agent for service of process, Charles Preston, at 12350 Industry Way, Suite 203, Anchorage, Alaska 99515.

Please take notice that, pursuant to Texas Rule of Civil Procedure 199.2, Plaintiffs

Well Rock Holdings, LLC and Global Mortgage Group, LLC (collectively "Plaintiffs"),

will take the oral deposition of Alaska Financial Company III, LLC ("Defendant")

regarding the topics identified on the attached **Exhibit A**.   The deposition will take

place on January 9, 2018, beginning at 9:30 o'clock a.m. and continuing from day to day

until completed.   The deposition will take place at the offices of DuBois, Bryant &

Campbell, LLP, 303 Colorado Street, Suite 2300, Austin, Texas 78701.   The deposition

will be recorded stenographically and may be videotaped.

Respectfully submitted,

DuBOIS, BRYANT & CAMPBELL, LLP
303 Colorado Street, Suite 2300
Austin, TX  78701
(512) 457-8000
(512) 457-8008 (Facsimile)


By:_____

    J. David Rowe
    State Bar No. 00794564
    drowe@dbcllp.com
    Curran M. Walker
    State Bar No. 24101288
    cwalker@dbcllp.com

ATTORNEYS FOR PLAINTIFFS
WELL ROCK HOLDINGS, LLC and GLOBAL
MORTGAGE GROUP, LLC


## CERTIFICATE OF SERVICE

    I hereby certify that a true copy of the foregoing document has been served on the following by certified mail and email on this ____ day of December, 2017:

Charles Preston, Registered Agent
Alaska Financial Company III, LLC
12350 Industry Way, Suite 203
Anchorage, Alaska 99515
E:  Charles@akfinancialco.com

Registered Agent for Defendant
*ALASKA FINANCIAL COMPANY III, LLC*

## EXHIBIT A

## DEFINITIONS

The following definitions shall apply to this Notice of Intent to Take Expedited

Deposition:

1.      The term "**Person**" refers to natural persons, firms, joint owners, associations, companies, partnerships, joint ventures, corporations, trusts, estates, agencies, departments, or bureaus (governmental or private), and any other form of business, governmental, judicial, or legal entity.

2.      The term "**Document(s)**" shall mean all original and any non-identical copies of any written or graphic matter, however produced or reproduced within the scope of Rule 192.3(b), (f), (g), and (h) of the Texas Rules of Civil Procedure.  It is used here in its broadest sense and includes, without limitation, the following, whether printed, stored, or reproduced by any process, or written or produced by hand, and whether or not claimed to be privileged or otherwise excludable from discovery, namely: electronic mail, computer tapes, discs, drums, zip drives, writeable CD ROMs, tape back-up, Jaz drives, removable hard drives, 8mm DAT or DLT systems, memory cores, or other computer media; computer printouts or other computer output; notes; writings; drawings; graphs; data; lists; itineraries; correspondence; communications of any nature; telegrams; memoranda; notebooks of any character; charts; summaries of records of personal conversations; calendars; diaries or excerpts therefrom; logs; routing slips or memoranda; reports; publications; photographs; minutes or records of meetings; transcripts of oral testimony or statements; reports or summaries of interviews; letters; written statements; affidavits; reports or summaries of investigations; agreements or contracts, including all modifications or revisions thereof; reports or summaries of negotiations; court papers; brochures; pamphlets; press releases; drafts of, revisions of drafts of, or translations of any document; tape recordings; dictation recordings or belts; data compilations; and all tangible items.  Any document with marks on any sheet or side thereof, including by way of illustration only and not by way of limitation, initials, stamped indicia, any comment or notation of any character and not a part of the original text, or any reproduction thereof, is to be considered a separate document for purposes of this request. "Document" also includes any copy of an original document, if the original is unavailable.

3.      The term **Communication(s)**" is used here in its broadest sense, and includes without limitation, statements, discussions, conversations, letters, memoranda, emails, facsimiles, speeches, conferences, documents, meetings, remarks, questions, answers, notes, outlines, agendas, presentations, spreadsheets, recordings, computer or electronic transmissions, panel discussions, broadcasts, newsletters, updates, reports, analysis and/or analyses, explanations, summaries, materials, item of information,

investor relations documents, and symposia of any kind, or any other transmittal of information or document whether written, oral, in person, by telephone or otherwise in your possession, custody or control.  The term further includes, without limitation, both communications and statements which are face-to-face and those which are transmitted by media such as email, fax, pdf, intercom, telephone, television, mail, express mail, hand-delivery, courier, radio, wire, electronic means, computer or any other means, and drafts of such communications or communication.  Without limitation of the term control as used herein, a document is deemed to be in your control if you have the right to secure the documents, or a copy thereof, from another person having actual physical possession thereof, including but not limited to your current or former attorneys, agents, consultants, partners, employees, employers, contractors, vendors, business associates and/or other persons or entities.

4.      The terms **"referring," "relating," "concerning,"** and **"reflecting"** to any given subject when used to specify a document, communication, or statement, means any Document, Communication, or statement that constitutes, contains, embodies, reflects, identifies, states, refers to, deals with or is in any manner whatsoever pertinent to that subject.

5.      The term **"Including"** means "including but not limited to."

6.      **"Alaska"** means Alaska Financial Company III, LLC, its successors, predecessors, divisions, subsidiaries, present and former owners, members, managers, officers, agents, employees, and all other persons acting on behalf of it, its successors, predecessors, divisions, and subsidiaries.

7.      **"Preston"** means Tobias Preston, his successors, predecessors, agents, employees, and all other persons acting on his behalf.

8.      **"You"** and **"Your"** mean Alaska.

9.      **"Global Mortgage"** means Global Mortgage Group, LLC.

10.      **"Well Rock"** means Well Rock Holdings, LLC.

11.      **"LFC"** means LFC Global, LLC.

12.      **"Hainline"** means Matthew Hainline.

13.      **"NDA"** means that certain Confidentiality, Non-Disclosure, and Non-Circumvention Agreement between Alaska and Well Rock, dated July 26, 2017.

14.      The terms **"and"** and "**or**" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside its scope.

15. The use of the singular form of any word shall include the plural and vice versa.

## **TOPICS**

Defendant is directed to designate one or more persons to testify on its behalf about the following matters:

1. The terms of the NDA and Alaska's understanding of its obligations under the NDA, including without limitation Paragraphs 1-3, 9, and 20 of the NDA.

2. The circumstances of the execution of the NDA.

3. Any efforts by Alaska between April 14, 2017 and July 26, 2017 to create a business to compete with Global Mortgage.

4. Any efforts by Alaska between April 14, 2017 and July 26, 2017 to create a business to originate and/or securitize mortgages for U.S. purchasers of real estate in Mexico.

5. Preston's and/or Alaska's use of the Global Mortgage Business Plan between April 14, 2017 and July 26, 2017.

6. Any efforts by Alaska after July 26, 2017 to create a business to compete with Global Mortgage.

7. Any efforts by Alaska after July 26, 2017 to create a business to originate and securitize mortgages for U.S. purchasers of real estate in Mexico.

8. Alaska's use, since July 26, 2017, of any information received from Global Mortgage, Well Rock, LFC, or Hainline, or anyone acting on their behalf.

## IN THE COURT OF CHANCERY OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| ALASKA FINANCIAL COMPANY III LLC, an Alaska limited liability company, | ) ) ) ) | |
| Plaintiff, | ) ) | C.A. No. |
| v. | ) ) | |
| GLOBAL MORTGAGE GROUP, LLC, a Delaware limited liability company, and LFC GLOBAL, LLC, a Delaware limited liability company, | ) ) ) ) ) | |
| Defendants. | ) | |

## PLAINTIFF'S MOTION FOR EMERGENCY APPOINTMENT OF RECEIVER PENDENTE LITE

Plaintiff, Alaska Financial Company III, LLC ("Alaska"), by and through its undersigned attorneys, respectfully moves this Court for an order in the form filed herewith, for an order appointing a Receiver Pendente Lite.  The grounds for this motion are as follows:

1.     Alaska has filed this action to prevent further violation by Defendants of this Court's injunction of November 22, 2017 in *Alaska Financial Company III, LLC v. Global Mortgage Group, LLC*, et al., C.A. No. 2017–0815–TMR ("*Alaska I*") (Trans ID 61388987) (the "TRO"), a copy of which, along with the form of order it incorporates, is attached hereto as Exhibit A.

2.      In proceedings in *Alaska I*, the Defendants, including the Defendants in this action, admitted that there was no source of funding for Global Mortgage Group, LLC ("Global") other than funds obtained from Alaska (the "Alaska Cash Investment"). The TRO, among other things, prohibited Defendants from "drawing upon, disposing, converting, transferring, pledging, spending, or otherwise using Alaska's Cash Investment, regardless of where or with whom said funds are held…". TRO at ¶ 9 incorporating Plaintiff's proposed order at ¶ (1) b. (Trans ID 61365981). The TRO also obligated Defendants to "report to the Court on the amount of and location of such funds." Id at ¶(1) c.

3.      In the more than a month since the injunction has been entered, the Defendants, despite multiple requests and reminders from Alaska, have neither provided a report to the Court regarding the amount and location of such funds and, have not terminated their use of Alaska's Cash Investment, choosing instead an aggressive multi-front litigation funded, based on the Defendants' admissions to this Court, through use of the enjoined Alaska Cash Investment. First, Defendants improvidently removed *Alaska I* to federal court claiming, in contradiction to the allegations of the complaint therein and Defendants' own judicial admissions, that Alaska had no equity interest in Global thereby making Alaska diverse from all Defendants, and now have pressed merits based motions before that Court, which they insist be determined simultaneously with the question of improvident removal.

00502530

2

A copy of the District of Delaware docket is attached hereto as Exhibit B. Further, Global, along with other defendants from *Alaska I,* has commenced proceedings in State Court in Texas attempting to collaterally attack this Court's jurisdiction and TRO. A copy of the docket from the State Court in the Texas proceeding is attached hereto as Exhibit C. Evidencing their true motivations, defendants in Texas do not seek expedited relief in the form of an injunction but instead, seek expedited discovery in search of a potential claim. See Exhibit D attached hereto.

4.     Absent the immediate appointment of a receiver pendente lite, Defendants shall continue to act in violation of the TRO as set forth in the Verified Complaint in this action. Delaware does not allow LLC's to act in violation of Court orders. When they do so, the appointment of a receiver is appropriate. *Jagodzinski v. Silicon Valley Innovation Co., LLC*, 2012 WL 593613, at *2 (Del. Ch.) (the court has broad equitable powers under § 18–1104 to appoint a receiver.  Finding the appointment of a receiver warranted to cure the defendant's contempt (not complying with a books and records request)); *Whitmer v. William Whitmer & Sons*, 99 A. 428, 430 (Del. Ch.1916) ("While there is no statutory power to appoint a receiver pendente lite, the inherent, or implied, and certainly well-established powers of the Court of Chancery administered by the Chancellor are such as to vest in him the jurisdiction to take possession of the assets and affairs of a corporation, by a receiver pendente lite, in order to prevent loss to those interested." *Lichens Co.*

00502530

3

*v. Standard Commercial Tobacco Co.*, 40 A.2d 447 (Del Ch. 1944) (inherent power

to appoint a receiver *pendente lite* to preserve property involved in litigation). See,

*In re Massey Energy Co.,* 2011 WL 2176479, at *20 (Del. Ch.) ("Delaware law does

not charter law breakers." and authorities collected therein).

     5.    This Court in *Alaska I* has already determined that Defendants will

suffer no irreparable harm from the enforcement of the TRO. Therefore,

appointment of a receiver pendente lite for the purpose of assuring compliance with

the TRO and preservation of the property which is the subject of the TRO is entirely

appropriate and will cause no irreparable harm to Defendant. Plaintiff respectfully

requests that the Court entertain this motion at its earliest convenience and appoint

Stephen W. Spence, Esq., a member of the Bar of this Court experienced in such

matters as the receiver pendente lite for Global and LFC Global, LLC for the purpose

of and with the authority to: (1) stay or, if necessary, dismiss without prejudice all

litigation proceedings, except for permitting those entities to proceed to hearing and

decision on the pending motion to remand in the District Court for the District of

Delaware; (2) securing all financial records of the Defendants wherever they may be

found and providing them to Alaska's counsel for the purpose of having Alaska

prepare a report to the Court regarding the amount of and location of Alaska's Cash

Investment and potential violations of the TRO.

6 Alaska also prays for such other and further relief as the Court deems appropriate.

Dated: December 28, 2017

Respectfully submitted,

**COOCH AND TAYLOR, P.A.**

*Of Counsel:*

   */s/ R. Bruce McNew*
R. Bruce McNew (# 967)
The Brandywine Building
1000 West Street, 10th Floor

Christopher Passodelis, Jr.
Nicholas L. Fiske
Sherrard, German & Kelly, P.C.
535 Smithfield St., Ste. 300
Pittsburgh, PA 15222
Phone: (412) 355-0200
Fax: (412) 261-6221
cp@sgkpc.com
nlf@sgkpc.com

Wilmington, DE  19801
(302) 984-3810
*Attorneys for Plaintiff*

Words:  873

00502530

5

**IN THE COURT OF CHANCERY OF THE STATE OF DELAWARE**

| | | |
|---|---|---|
| ALASKA FINANCIAL COMPANY III LLC, an Alaska limited liability company, | ) ) ) | |
| | ) | |
| Plaintiff, | ) | C.A. No. |
| | ) | |
| v. | ) | |
| | ) | |
| GLOBAL MORTGAGE GROUP, LLC, a Delaware limited liability company, and LFC GLOBAL, LLC, a Delaware limited liability company, | ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

**(PROPOSED) ORDER GRANTING PLAINTIFFS' MOTION
FOR APPOINTMENT OF RECEIVER PENDENTE LITE**

AND NOW THIS _____ day of _____, 2017, upon consideration of Plaintiff's Motion for Appointment of Interim Receiver ("Motion"), and the submissions of the parties relating to that motion;

IT IS HEREBY ORDERED that Plaintiff's Motion GRANTED and Stephen W. Spence, Esquire is appointed as receiver pendente lite (the "Receiver") effective immediately.

The Receiver shall have the full and sole authority to act on behalf of and direct the operations of Global Mortgage Group, LLC, a Delaware LLC, and LFC Global, LLC, a Delaware LLC. No other person or entity shall have any authority to act for those foregoing entities while this order is in force.

00502535                                          1

The Receiver is directed to:

1.      stay or, if necessary, dismiss without prejudice all litigation proceedings, except for permitting those entities to proceed to hearing and decision on the pending motion to remand in the District Court for the District of Delaware; and

2.      securing all financial records of the Defendants wherever they may be found and providing them to Alaska's counsel; and

3.      take all actions reasonably necessary to accomplish the foregoing.

Subject to such further orders and decisions of this Court, including assessing against the parties the cost of the receivership, the Receiver shall be paid by Defendants at his usual hourly rates.

SO ORDERED:


Date:_____                    _____
                                           Chancellor/Vice Chancellor

## IN THE COURT OF CHANCERY OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| ALASKA FINANCIAL COMPANY III LLC, an Alaska limited liability company, | ) ) ) ) | |
| Plaintiff, | ) ) | C.A. No. |
| v. | ) ) | |
| GLOBAL MORTGAGE GROUP, LLC, a Delaware limited liability company, and LFC GLOBAL, LLC, a Delaware limited liability company, | ) ) ) ) ) | |
| Defendants. | ) ) ) ) ) | |

## PLAINTIFF'S MOTION FOR EXPEDITED PROCEEDINGS

Plaintiff, Alaska Financial Company III, LLC ("Plaintiff"), by and through its undersigned attorneys, respectfully moves this Court for an order in the form filed herewith, granting expedited consideration of its Motion for Emergency Appointment of Receiver Pendente Lite ("Motion").  The grounds for this motion are as follows:[1]

1.     This action presents an exigency necessitating appointment of a receiver pendente lite for the purpose of preventing further violations of this Court's

---

[1] The facts stated in this Motion are taken from Plaintiff's Verified Complaint and other filings and the exhibits, filed simultaneously herewith.

injunction entered in *Alaska Financial Company III, LLC v. Global Mortgage Group, LLC, et al.,* C.A. No. 2017–0815–TMR ("*Alaska I*") on November 22, 2017 (Trans ID 61388987) (the "TRO"); assuring future compliance with the TRO); and, preventing dissipation of the assets which were the subject of the litigation in *Alaska I.*

2.  After having actively opposed the TRO in *Alaska I*, Defendants failed to comply with the direction to provide a report regarding the location and amounts of Alaska's Cash Investment, have continued to expend, based on the Defendant's judicial admissions that they have no other funds, Alaska's Cash Investment in multi-forum and improvident litigation designed to avoid and collaterally attack this Court's jurisdiction and rulings in *Alaska I* as more fully set out in Alaska's Motion for Appointment of a Receiver filed simultaneously herewith.

3.  Time is of the essence as Defendants continue to spend Alaska's Cash Investment, and continue to hide the location of the remaining amounts of same, despite an order from this Court entered over one month ago that they reveal this information.

4.  The Court of Chancery Rules grant this Court broad power to order expedited proceedings. *See* Ct. Ch. R. 4, 12, 26, 30, 34, and 173. To secure expedition, a plaintiff need only demonstrate "some reason justifying departure from the sequence envisioned by the rules." *Am. Stores Co. v. Lucky Stores, Inc.*, 1988

00502551

2

WL 909330, at *2 (Del. Ch. Apr. 13, 1988). In the context of a plaintiff seeking expedited proceedings requesting injunctive relief, this Court "traditionally has acted with a certain solicitude for plaintiffs" and "has followed the practice of erring of the side of more [expedited] hearings rather than fewer." *Giammargo v. Snapple Beverage Corp.*, 1994 WL 672698, at *2 (Del. Ch. Nov. 15, 1994). As the Delaware Supreme Court has observed, "Delaware courts are always receptive to expediting any type of litigation in the interests of affording justice to the parties," and the Court of Chancery in particular is "renowned" for its "expedited decision making." *Box v. Box*, 697 A.2d 395, 398-99 (Del. 1997) (citations omitted).

5.     This Court will grant a motion to expedite proceedings where the moving party: (1) demonstrates a "sufficiently colorable claim" and (2) shows "a sufficient possibility of threatened irreparable injury" to justify the costs involved with expedited proceedings. *See Gomi Investors, LLC v. Schimmell Holdings*, *Inc.*, 2006 WL 2304035, at *1 (Del. Ch. July 27, 2006).

6.     In deciding a request for expedited proceedings, the Court "accepts the well-pleaded allegations in the Complaint as true and recognizes that establishing a colorable claim is not an onerous burden for a plaintiff to meet." *Id. See also Reserves Dev. Corp. v. Wilm. Trust Co.,* 2008 WL 4951057, at *2 (Del. Ch. Nov. 7, 2008) (noting that a colorable claim is "essentially a non-frivolous cause of action"). In applying this standard, the Court "traditionally has acted with a certain solicitude

00502551

3

for plaintiffs . . . and thus has followed the practice of erring on the side of more [expedited] hearings rather than fewer." *Giammargo v. Snapple Beverage Corp.*, 1994 WL 672698, at *2 (Del. Ch. Nov. 15, 1994).

7.     Here, as detailed at length in Plaintiff's Verified Complaint, Alaska has exceeded the burden required to obtain expedited proceedings.

8.     As noted above (as well as in Plaintiff's Verified Complaint), the Defendants have used, and continue to use, Alaska's Cash Investment in violation of the TRO.

9.     In a similar vein, Alaska will suffer irreparable injury should the Defendants continue to have access to the remainder of Alaska's $1.1 million Cash Investment while this matter proceeds. As a start-up venture, the Proposed Venture has insufficient resources to pay any judgment if Alaska's Cash Investment is further dissipated. Also, the other Defendants' need to misappropriate the Proposed Venture's cash assets indicates that they also are likely to be unable to pay any judgment. In sum, the potential for irreparable harm is readily apparent and immediate relief is necessary to prevent this harm from befalling Alaska.

WHEREFORE, for the reasons set forth above, and more fully described in Plaintiff's Verified Complaint, expedited proceedings are appropriate.   Plaintiff respectfully requests that this Court enter an Order in the form filed establishing a

00502551

schedule to hear Plaintiff's Motion for Appointment of a Receiver Pendente Lite on

the earliest date practicable.


Dated: December 28, 2017

*Of Counsel:*

Christopher Passodelis, Jr.
Nicholas L. Fiske
Sherrard, German & Kelly, P.C.
535 Smithfield St., Ste. 300
Pittsburgh, PA 15222
Phone: (412) 355-0200
Fax: (412) 261-6221
cp@sgkpc.com
nlf@sgkpc.com

Respectfully submitted,

**COOCH AND TAYLOR, P.A.**

   */s/ R. Bruce McNew*
R. Bruce McNew (# 967)
The Brandywine Building
1000 West Street, 10th Floor
Wilmington, DE  19801
(302) 984-3810
*Attorneys for Plaintiff*

Words: 810

# IN THE COURT OF CHANCERY OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| ALASKA FINANCIAL COMPANY III LLC, an Alaska limited liability company, | ) ) ) ) | |
| Plaintiff, | ) ) | C.A. No. |
| v. | ) ) | |
| GLOBAL MORTGAGE GROUP, LLC, a Delaware limited liability company, and LFC GLOBAL, LLC, a Delaware limited liability company, | ) ) ) ) ) | |
| Defendants. | ) | |

## [PROPOSED] ORDER GRANTING PLAINTIFF'S MOTION FOR EXPEDITED PROCEEDINGS

WHEREAS, Plaintiff, Alaska Financial Company III, LLC, having filed a motion to expedite the Court's consideration of its Motion for Emergency Appointment of Receiver Pendente Lite ("Motion") and good cause having been shown;

**IT IS HEREBY ORDERED** this _____ day of _____, 2017 that:

(1)   The Motion for Expedited Proceedings is GRANTED;

(2)   Defendants shall file their responses to Plaintiff's Motion no later than ___:___ __.m. on _____, 201__; and

      (3)     The Court will convene a hearing on Plaintiff's Motion at ___:___

__.m. on _____, 201__.

 

_____
Chancellor/Vice Chancellor

00502554

2

EFiled:  Dec 28 2017 10:04PM EST
Transaction ID 61509172
Case No. 2017-0928-

**SUPPLEMENTAL INFORMATION PURSUANT TO RULE**
**3(A) OF THE RULES OF THE COURT OF CHANCERY**

The information contained herein is for the use by the Court for statistical and administrative purposes only. Nothing stated herein shall be deemed an admission by or binding upon any party.

1.  Caption of Case:   **Alaska Financial Company III, LLC**, an Alaska limited liability company, Plaintiff v. **Global Mortgage Group, LLC**, a Delaware limited liability company and **LFC Global, LLC**, a Delaware limited liability company, Defendants.

2.  Date Filed:   **December 28, 2017**

3.  Name and address of counsel for plaintiff(s):   **Bruce McNew, Esq. (# 967), Cooch and Taylor, P.A., 1000 West Street, 10th Floor, Wilmington, DE   19801, Tel: (302) 984-3810**

4.  Short statement and nature of claim asserted:
    **This is an expedited action seeking appointed of a receiver to a Delaware limited liability company to prevent the apparent flagrant and deliberate violation of this Court's injunction of November 22, 2017 and to preserve and maintain the value of value of the limited liability company's remaining assets for the benefit of all of the members.**

5.  Substantive field of law involved (check one):

| | | |
|---|---|---|
| ___Administrative law | ___Trade secrets/trade mark/or | ___Zoning |
| ___Commercial law | other intellectual property | ___Trusts, Wills and Estates |
| ___Constitutional law | ___Labor law | ___Partition |
| _X_Corporation law | ___Real Property | ___Rapid Arbitration (Rules 96,97) |
| | ___348 Deed Restriction | ___Other |

6.  Related cases, including any Register of Wills matters (which require copies of all documents in this matter to be filed with the Register of Wills):  **Alaska Financial Company III, LLC v. Global Mortgage Group, LLC, et al., C.A. No. 2017-0815-TMR**

7.  Basis of court's jurisdiction (including the citation of any statute(s) conferring jurisdiction):
    **Equity 6 Del.C. § 18-1104; 6 Del. C. §§ 18-105, 109**

8.  If the complaint seeks preliminary equitable relief, state the specific preliminary relief sought.

    **Expedited proceedings and expedited consideration of the appointment of a receiver pendent lite.**

9.  If the complaint seeks a TRO, summary proceedings, a Preliminary Injunction, or Expedited Proceedings, check here  **X**  (If #9 is checked, a Motion to Expedite must accompany the transaction.)

*10.  If the complaint is one that in the opinion of counsel should not be assigned to a Master in the first instance, check here and attach a statement of good cause _____.

                    _/s/ R. Bruce McNew_____
                    R. Bruce McNew (# 967)

**EFiled:  Dec 28 2017 10:04PM EST**
**Transaction ID 61509172**
**Case No. 2017-0928-**



**COOCH AND TAYLOR**
ATTORNEYS ◆ A PROFESSIONAL ASSOCIATION

R. Bruce McNew
Director
(302) 984-3810
bmcnew@coochtaylor.com

December 28, 2017

**BY E-FILING VIA FILE & SERVE*EXPRESS***
Register in Chancery
Court of Chancery
500 North King Street
Wilmington, DE 19801

>        *RE:*   **SUMMONS INSTRUCTIONS**
>            *Alaska Financial Company III, LLC v.*
>            *Global Mortgage Group, LLC, et al.*
>            **C.A. No. _____**

Dear Register:

This firm represents Alaska Financial Company III, LLC, who filed a Verified

Petition in the above-referenced action.  Please prepare summonses to the following

defendants as follows:

Service of the following summonses will be performed by Brandywine

Process Servers, Ltd., 2500 Delaware Avenue, Wilmington, DE  19806:

>            Global Mortgage Group, LLC
>            c/o The Corporation Trust Company
>            Corporation Trust Center
>            1209 Orange Street
>            Wilmington, DE  19801

3711 Kennett Pike
Greenville, DE 19807
T 302.984.3800   F 302.984.3939

1000 West Street, 10th Floor
P.O. Box 1680
Wilmington, DE 19899-1680
T 302.984.3800   F 302.984.3939
www.coochtaylor.com

9 East Market Street
Georgetown, DE 19947
T 302.858.5151   F 302.858.5161

00502571

Register                                                    Cooch and Taylor P.A.
December 28, 2017
Page 2


          LFC Global, LLC
          c/o The Corporation Trust Company
          Corporation Trust Center
          1209 Orange Street
          Wilmington, DE   19801

     Thank you for your assistance with this matter.   Should you have any

questions, please do not hesitate to call me.   In addition, please notify me when the

summonses are ready to be picked up for service.

                              Respectfully,



                              R. Bruce McNew (# 967)
                              Words: 116

RBM\tap

12/29/17

EFiled: Dec 28 2017 09:06AM EST
Transaction ID 61509172
Case No. 2017-0928-

# COOCH AND TAYLOR

ATTORNEYS ♦ A PROFESSIONAL ASSOCIATION

R. Bruce McNe..
Director
(302) 984-3810
bmcnew@coochtaylor.com

December 28, 2017

**BY E-FILING VIA FILE & SERV*EXPRESS***
Register in Chancery
Court of Chancery
500 North King Street
Wilmington, DE 19801

> *RE:* **SUMMONS INSTRUCTIONS**
> ***Alaska Financial Company III, LLC v.***
> ***Global Mortgage Group, LLC, et al.***
> **C.A. No. _____**

Dear Register:

This firm represents Alaska Financial Company III, LLC, who filed a Verified

Petition in the above-referenced action. Please prepare summonses to the following

defendants as follows:

Service of the following summonses will be performed by Brandywine

Process Servers, Ltd., 2500 Delaware Avenue, Wilmington, DE 19806:

> Global Mortgage Group, LLC
> c/o The Corporation Trust Company
> Corporation Trust Center
> 1209 Orange Street
> Wilmington, DE 19801

3711 Kennett Pike
Greenville, DE 19807
T 302.984.3800  F 302.984.3939

00502571

1000 West Street, 10th Floor
P.O. Box 1680
Wilmington, DE 19899-1680
T 302.984.3800  F 302.984.3939

www.coochtaylor.com

9 East Market Street
Georgetown, DE 19947
T 302.858.5151  F 302.858.5161

Register                                                        Cooch and Taylor P.A.
December 28, 2017
Page 2

LFC Global, LLC
c/o The Corporation Trust Company
Corporation Trust Center
1209 Orange Street
Wilmington, DE   19801

Thank you for your assistance with this matter.   Should you have any
questions, please do not hesitate to call me.  In addition, please notify me when the
summonses are ready to be picked up for service.

Respectfully,

R. Bruce McNew (# 967)
Words: 116

RBM\tap

00502571

EFiled: Dec 28 2017 10:04PM EST
Transaction ID 61509172
Case No. 2017-0928-

## IN THE COURT OF CHANCERY OF THE STATE OF DELAWARE

ALASKA FINANCIAL COMPANY III
LLC, an Alaska limited liability
company,

       Plaintiff,

       v.

GLOBAL MORTGAGE GROUP, LLC,
a Delaware limited liability company,
and LFC GLOBAL, LLC, a Delaware
limited liability company,

       Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

C.A. No.

## VERIFIED PETITION FOR APPOINTMENT OF A RECEIVER TO A DELAWARE LIMITED LIABILITY COMPANY PURSUANT TO 6 *Del. C.* § 18–1104

Plaintiff, Alaska Financial Company III, LLC d/b/a Alaska Financial

Company ("Alaska"), by and through undersigned counsel, hereby states in support of

this Verified Petition for Appointment of a Receiver Pursuant to 6 *Del. C.* § 18–1104

(the "Petition") as follows:

### PRELIMINARY STATEMENT

1.    Alaska petitions this Court for an order appointing a receiver for Global

Mortgage Group, LLC ("Global"), a Delaware limited liability company and for its

subsidiary LFG Global, LLC ("LFC"), also a Delaware limited liability company. A

00502560

# IN THE COURT OF CHANCERY OF THE STATE OF DELAWARE

Alaska Financial Company III, LLC,
an Alaska limited liability company,
      Plaintiff(s)

}

CA #:  2017-0928-
SUMMONS

          V

Global Mortgage Group, LLC, a
Delaware limited liability company,
and LFC Global, LLC, a Delaware
limited liability company,
      Defendant(s)

THE STATE OF DELAWARE
TO:   Special Process Server (Brandywine Process Servers, Ltd.)

## YOU ARE COMMANDED:

To summon the above named defendants so that, within 20 days after service hereof upon defendants, exclusive of the day of service, defendants shall serve upon R. Bruce McNew, Esq., Plaintiff's attorney whose address is P.O. Box 1680, Wilmington, DE 19899 an answer to the complaint.

To serve upon defendants a copy hereof and of the complaint.

## TO THE ABOVE NAMED DEFENDANTS:

In case of your failure, within 20 days after service hereof upon you, exclusive of the day of service, to serve on plaintiff's attorney name above an answer to the complaint, judgment by default will be rendered against you for the relief demanded in the complaint.

Dated December 29, 2017

_____

Register in Chancery

Case # <u>2017-0928-</u>

Alaska Financial Company III, LLC,
an Alaska limited liability company,
Plaintiff(s)
V
Global Mortgage Group, LLC, a
Delaware limited liability company,
and LFC Global, LLC, a Delaware
limited liability company,
Defendant(s)

## SUMMONS

Please effectuate service upon:

1-Global Mortgage Group, LLC
2-LFC Global, LLC

By serving both c/o
The Corporation Trust Company
1209 Orange St.
Wilmington, DE 19801

By Special Process Server

Plaintiff's Attorney:  <u>R. Bruce McNew, Esq.</u>



EFiled: Dec 29 2017 01:58PM EST
Transaction ID 61511961
Case No. 2017-0928-TMR

# IN THE COURT OF CHANCERY OF THE STATE OF DELAWARE

Alaska Financial Company III, LLC,
an Alaska limited liability company,
      Plaintiff(s)

         V

Global Mortgage Group, LLC, a
Delaware limited liability company,
and LFC Global, LLC, a Delaware
limited liability company,
      Defendant(s)

}

CA #:  2017-0928-
SUMMONS

THE STATE OF DELAWARE

TO:   Special Process Server (Brandywine Process Servers, Ltd.)

## YOU ARE COMMANDED:

    To summon the above named defendants so that, within 20 days after service hereof upon defendants, exclusive of the day of service, defendants shall serve upon R. Bruce McNew, Esq., Plaintiff's attorney whose address is P.O. Box 1680, Wilmington, DE 19899 an answer to the complaint.

    To serve upon defendants a copy hereof and of the complaint.

## TO THE ABOVE NAMED DEFENDANTS:

    In case of your failure, within 20 days after service hereof upon you, exclusive of the day of service, to serve on plaintiff's attorney name above an answer to the complaint, judgment by default will be rendered against you for the relief demanded in the complaint.

Dated December 29, 2017

_____
Register in Chancery

Case # <u>2017-0928-</u>

Alaska Financial Company III, LLC,
an Alaska limited liability company,
            Plaintiff(s)
                    V
Global Mortgage Group, LLC, a
Delaware limited liability company,
and LFC Global, LLC, a Delaware
limited liability company,
            Defendant(s)


# SUMMONS

Please effectuate service upon:

1-Global Mortgage Group, LLC
2-LFC Global, LLC

By serving both c/o
The Corporation Trust Company
1209 Orange St.
Wilmington, DE 19801

By Special Process Server


Plaintiff's Attorney:  <u>R. Bruce McNew, Esq.</u>

# *RETURN OF SERVICE*

## IN THE COURT OF CHANCERY OF THE STATE OF DELAWARE

**CASE NO:**  2017-0928

**SERVED:**  GLOBAL MORTGAGE GROUP, LLC
LFC GLOBAL, LLC

**DOCUMENT:**  SUMMONS; VERIFIED PETITION FOR APPOINTMENT OF A RECEIVER TO A DELAWARE LIMITED LIABILITY COMPANY PURSUANT TO 6 DEL. C. § 18-1104; SUPPLEMENTAL INFORMATION PURSUANT TO RULE 3(A) OF THE RULES OF THE COURT OF CHANCERY; PLAINTIFF'S MOTION FOR EMERGENCY APPOINTMENT OF RECEIVER PENDENTE LITE; EXHIBITS; [PROPOSED] ORDER GRANTING PLAINTIFF'S MOTION FOR APPOINTMENT OF RECEIVER PENDENTE LITE; PLAINTIFF'S MOTION FOR EXPEDITED PROCEEDINGS; [PROPOSED] ORDER GRANTING PLAINTIFF'S MOTION FOR EXPEDITED PROCEEDINGS

**ADDRESS:**  C/O THE CORPORATION TRUST COMPANY, 1209 ORANGE STREET, WILMINGTON, DE 19801

**DATE:**  12/29/17

## MANNER OF SERVICE

☒  **PERSONAL:**   ACCEPTED BY:   AMY MCLAREN (AUTHORIZED PERSON AT REGISTERED AGENT)

☐  **SUBSTITUTE:**

☐  **NO SERVICE:**

KEVIN S. DUNN

BRANDYWINE PROCESS SERVERS, LTD
PO BOX 1360
WILMINGTON DE 19899
302-475-2600

SWORN TO BEFORE ME ON   12/29/17

NOTARY PUBLIC
DENORRIS ANGELO BRITT
NOTARY PUBLIC
STATE OF DELAWARE
My Commission Expires May 16, 2018

*BRANDYWINE PROCESS SERVERS, LTD  PO BOX 1360  WILMINGTON, DE 19899*